UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KTJ 229, LLC, KTJ 251, LLC, andCivil No. 16-1971 (DWF/KKM)
KTJ 236, LLC,

          Plaintiffs,

v.**MEMORANDUM**
**OPINION AND ORDER**
Jeff Towner, Chris Weiss, Todd Poss,
and Christopher T. Walters,

          Defendants.

_____

Cynthia L. Hegarty, Esq., and Ryan R. Dreyer, Esq., Morrison, Sund PLLC , counsel for Plaintiffs.

James R. Koby, Esq., Koby Law, LLC, counsel for Defendants Jeff Towner, Chris Weiss, and Todd Poss.

Francis M. Doherty, Esq., Hale Skemp Hanson Skemp & Sleik, counsel for Christopher T. Walters.

_____

# INTRODUCTION

This matter is before the Court on a Motion to Transfer Venue brought by Defendants Jeff Towner, Chris Weiss, and Todd Poss (collectively, "Defendants"). (Doc. No. 8.) For the reasons set forth below, the Court denies the motion.

# BACKGROUND

This case involves three contracts entered into by Plaintiffs KTJ 229, LLC, KTJ 251, LLC, and KTJ 236, LLC (collectively, "Plaintiffs") with TCI Architects Engineers Contractor, Inc. ("TCI"), which is not a party to this case. (*See generally* Doc.

No. 1, Ex. 2 (First Amended Complaint ("FAC")).) Basically, KTJ 229, LLC, hired TCI as a general contractor to improve real property located in Woodbury, Minnesota (*see id.* ¶¶ 8-9); KTJ 251, LLC, hired TCI to construct certain site and rail improvements on property located in Newcornerstown, Ohio (*see id.* ¶¶ 12-13); and KTJ 236, LLC, hired TCI to construct a gas and oil field services facility on property located in Williston, North Dakota (*see id.* ¶¶ 16-17).

Plaintiffs allege a single count for Civil Theft under Wisconsin Statute § 779.02(5). (*Id.* ¶¶ 24-34.) In particular, Plaintiffs claim that, prior to TCI's commencement of an insolvency proceeding in the Circuit Court of La Crosse County, Wisconsin (the "Assignment Proceeding"), each Plaintiff made payments to TCI under their respective contracts with TCI. (*Id.* ¶¶ 10, 14, 18, 20.) Plaintiffs allege that those payments were designated for payments to subcontractor claims related to each respective project. (*Id.* ¶¶ 10, 14, 18.) Plaintiffs further allege that Defendants—two were members of TCI's Board of Directors and shareholders of TCI, and the third was TCI's Chief Financial Officer—misappropriated funds intended for payment of Plaintiffs' subcontracts and caused TCI to fail to pay subcontractors. (*Id.* ¶¶ 11, 15, 19.)

All three Plaintiffs are Minnesota limited liability companies with principal places of business in Excelsior, Minnesota. (*Id.* ¶ 1.) TCI was a Wisconsin corporation with its principal place of business in La Crosse, Wisconsin. (Doc. No. 10 ("O'Flaherty Aff.") ¶ 2.) Defendants are all residents of Wisconsin. (FAC ¶¶ 2-4.) On July 10, 2015, TCI commenced the Assignment Proceeding. (FAC ¶ 20.) Attorney William Rameker was

appointed receiver to liquidate assets of TCI (the "Receiver"). (O'Flaherty Aff. ¶ 7.) Since July 10, 2015, the Receiver has run the operations of TCI. (*Id*. ¶ 8.)

Defendants assert that its response to Plaintiffs' claim, generally, is that TCI repaid a loan to BMO Harris Bank, N.A., its primary secured creditor, because BMO had a lien on the funds that was superior to any interest of Plaintiffs. (*Id*. ¶¶ 5, 9.) Defendants further assert that, to the extent that Plaintiffs' interest in those funds was superior to BMO, Plaintiffs should demand payments from BMO. (*Id*.) In addition, Defendants contend that Plaintiffs should seek relief from the Receiver. (*Id*. ¶10.) Accordingly, Defendants contend that both the Receiver and BMO are necessary parties and that they intend to implead them and their insurers. (*Id*. ¶ 11.) In addition, on or about April 13, 2016, Hartford Fire Insurance Company ("Hartford") started a lawsuit against Defendants Chris Weiss and Jeff Towner in the United States District Court for the Western District of Wisconsin. (*Id*. ¶ 13, Ex. 1.) In that action, Hartford alleges that Weiss' and Towner's actions related to the Assignment Proceeding and that BMO wrongfully caused Hartford to pay monies to complete TCI bonded contract work. (*Id*. ¶ 13, Ex. 1 ¶¶ 7, 10-16, 20-22.)

Defendants now move to transfer this action to the Western District of Wisconsin. The Court considers the motion below.

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant

3

to § 1404(a), the Court must consider three factors: "(1) [t]he convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "[S]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)). Thus, transfer should be denied if the factors weigh evenly or "only slightly in favor of transfer." *Id.*

A determination on transfer requires a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc.*, 119 F.3d at 691. Typically, there is a presumption in favor of the plaintiff's choice of forum, and the burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp*, 33 F. Supp. 2d at 1121 (internal citation omitted). The convenience of the witnesses is an importance factor because it determines the "relative ease of access to sources of proof." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). In weighing the interests of justice, courts consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l, Inc.*, 119 F.3d at 696 (citation omitted).

The Court first considers the threshold question of whether this action could have been brought in the Western District of Wisconsin.  An action may only be transferred to a venue where it "might have been brought" initially.  28 U.S.C. § 1404(a).  Venue is proper "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. §1391(b)(1).  Defendants are all residents of the Western District of Wisconsin.  Therefore, venue would be proper and this action "might have been brought" in the Western District of Wisconsin.

Defendants argue that the convenience of both the parties and the witnesses, as well as the interests of justice, weigh in favor of transfer.  First, Defendants submit that the majority of witnesses and parties are located within the boundaries of the Western District of Wisconsin.  Defendants also point out that they intend to implead TCI, the Receiver, and BMO to this action.  TCI, the Receiver, and the operative BMO offices are located in the Western District of Wisconsin.  Defendants argue that these witnesses and parties will be inconvenienced if forced to travel to Minnesota.  Second, as to the interests of justice, Defendants argue that transferring the action to Wisconsin will ensure that all actions related to TCI, the Receiver, and the Assignment Proceeding, will be resolved in one court and avoid duplicative and wasteful litigation.  In addition, Defendants point out that Wisconsin law applies to Plaintiffs' sole claim, and transfer will enhance Plaintiffs' ability to enforce a judgment.  Finally, Defendants submit that Plaintiffs' choice of forum should not be entitled deference because the conduct at issue occurred in Wisconsin (namely that Plaintiffs made payment to TCI in Wisconsin, and that TCO held the funds in Wisconsin).

Plaintiffs disagree and assert that Minnesota would be a more convenient forum. First, Plaintiffs point out that there is generally a presumption in favor of the plaintiff's chosen forum, that all three Plaintiffs are Minnesota LLCs, that the events giving rise to the action occurred within Minnesota, and that the injury incurred by Plaintiffs took place within Minnesota.  In addition, Plaintiffs submit that Defendants only make a conclusory allegation that the Receiver, TCI, Hartford, and BMO are necessary parties.  Second, as to the convenience of witnesses, Plaintiffs contend that Defendants fail to provide specificity when asserting that the majority of witnesses are located in Wisconsin, such as who the witnesses are, why they are essential, and what testimony they will provide. Plaintiffs also point out that, to the extent that certain witnesses will be inconvenienced if forced to travel to the Twin Cities, Plaintiffs' employee-witnesses will experience similar inconvenience if forced to travel to Wisconsin.  Moreover, Plaintiffs submit that they will call witnesses (namely, subcontractors) who are located in Minnesota, North Dakota, and Ohio.  Finally, Plaintiffs argue that the interests of justice would not be enhanced by transfer to Wisconsin.  In particular, Plaintiffs assert that the outcome of the Hartford proceeding will not impact this lawsuit because the claims in that action are wholly unrelated to the claim alleged in this case, and  therefore, there is no risk of duplicative or inconsistent litigation.  In addition, Plaintiffs assert that the fact that Wisconsin law applies is of no consequence, as federal courts routinely interpret other states' laws. Further, Plaintiffs contend that transfer is not necessary to enhance their ability to enforce a judgment, as the Constitution's Full Faith and Credit Clause applies.

The Court concludes the relevant factors weigh in favor of keeping the case in the present venue.  First, the convenience of the parties weighs in favor of keeping the action in Minnesota.  Plaintiffs are located here and chose the forum.  Transferring the case to Wisconsin would make it more convenient for Defendants, but would merely shift the inconvenience to Plaintiffs.  In addition, the convenience to witnesses is a neutral factor, weighing neither in favor nor against transfer.  Finally, the Court concludes that public interest factors are either neutral or weigh in favor of keeping the case in Minnesota.  While Defendants submit that the relevant events in this matter took place in Wisconsin, Plaintiffs have demonstrated that the present venue is sufficiently related to the facts of the case and cause of action in this case, so as to support venue.  Having considered the relevant section 1404(a) factors, the Court concludes that the transfer of this case to the Western District of Wisconsin would not provide a more convenient forum for the parties or best serve the interests of justice.

## ORDER

Based upon the parties' submissions and arguments, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Transfer Venue (Doc. No. [8]) is **DENIED**.


Dated:  November 8, 2016            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge